129 F.3d 124
 80 A.F.T.R.2d 97-7969, 97-2 USTC P 50,959
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary A. BYBEE; Frances Bybee, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 Nos. 97-70145, 97-70442.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1997.**
Decided Nov. 7, 1997.
 
 Appeal from the United States Tax Court; No. 43665-86. Affirmed.
 Before: HUG, Chief Judge, PREGHRSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary and Frances Bybee appeal pro se a tax court decision concluding that a notice of deficiency for tax year 1982 was timely issued. We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the tax court's legal conclusions de novo and its factual findings for clear error. See Condor Int'l, Inc. v. Commissioner, 78 F.3d 1355 1358 (9th Cir.1996). We affirm.
 
 
 3
 The taxpayers contend that the tax court erred by determining that the notice of deficiency for tax year 1982 was timely issued. We disagree. The taxpayers filed their 1982 joint federal income tax return on April 15, 1983. The Commissioner issued the notice of deficiency on September 9, 1986. Although 26 U.S.C. § 6501(a) provides that a deficiency must generally be assessed within three years from the date the taxpayer files his or her federal income tax return, the record contains a Form 872-Consent to Extend the Time to Assess Tax, signed by the taxpayers on December 12, 1985, which extended the time for assessment to December 31, 1986. See 26 U.S.C. § 6501(c)(4) (stating that a taxpayer may consent in writing to the extension of the three-year period for the assessment of tax). Accordingly the notice of deficiency was timely.
 
 
 4
 The tax court properly rejected the taxpayers' contention that someone from the Internal Revenue Service forged their signatures on the Form 872, noting that the signatures on the Form 872 matched the signatures on the taxpayers' tax returns and that no credible evidence was offered to the contrary.
 
 
 5
 To the extent the taxpayers seek review of their tax deficiencies and additions to tax, these issues were disposed of in Bybee v. Commissioner, No. 93-70942, unpublished memorandum disposition (9th Cir. July 26, 1994), which is law of the case. See Leslie Salt Co. v. United States, 5 § F.3d 1388, 1392 (9th Cir.1995) ("Under law of the case doctrine ... one panel of an appellate court will not reconsider matters resolved in a prior appeal to another panel in the same case."). The taxpayers' remaining contentions are wholly without merit.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appopriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3